## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES P. NEITZEL,
             Appellant,

        v.

DEPARTMENT OF THE ARMY,
             Agency.

DOCKET NUMBER
DC-3443-14-0897-I-1

DATE: July 2, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>James P. Neitzel</u>, APO, AE, pro se.

<u>Chandra Ramey Postma</u>, APO, AE, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of a change in duty station. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.115(b).

¶2 Effective September 20, 2012, the agency changed the appellant's duty station because his former duty station was being shut down. Initial Appeal File (IAF), Tab 1 at 7. He did not actually report to the new duty station until fiscal year 2014 because he stayed behind to assist with the closure of the former facility. IAF, Tab 1 at 9-10, Tab 6 at 7. He thereafter filed an appeal challenging his reassignment and certain relocation benefits to which he believed he was entitled. After affording the appellant notice of his burden of establishing jurisdiction and providing the parties an opportunity to respond, IAF, Tab 2 at 2-3, Tabs 4-8, the administrative judge dismissed the appeal for lack of jurisdiction, Initial Decision at 1-2.

¶3 It is well settled that the Board lacks jurisdiction over reassignments that do not involve a reduction in pay or grade. *See Lopez v. Department of the Navy*, 108 M.S.P.R. 384, ¶ 18 (2008). According to the Standard Form 50 documenting the reassignment, the action did not involve either a reduction in pay or a reduction in grade, and the appellant did not allege otherwise. IAF, Tab 6 at 20; *see* IAF, Tabs 1, 4-5, 8. While he asserted that the agency's action violated its internal regulations, the copy of the regulations that he provided apply to soldiers, not civilian employees, and so they do not apply to the appellant. IAF, Tab 4

at 28-33.  He also provided a copy of agency regulations pertaining to permanent change in duty station benefits.  IAF, Tab 5.  Even assuming that the agency violated its regulations, the Board's jurisdiction is defined by statute and regulation and does not extend to reviewing agency compliance with its internal regulations unless the Board already has jurisdiction over the case for some other reason, which is not the case here.

¶4    On review, the appellant states that the agency involuntarily subjected him to a change of duty station, and he alleges that the administrative judge failed to identify all material issues of fact and law, although he does not state which issues the administrative judge missed.  Petition for Review File, Tab 1 at 4.  However, he has identified no statute or regulation that grants the Board jurisdiction either over reassignments, involuntary or otherwise, that do not also involve a reduction in pay and/or grade, or over agency denials of relocation benefits.  Therefore, we find that the administrative judge correctly dismissed the appellant's appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____

William D. Spencer
Clerk of the Board

Washington, D.C.